UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: APPLICATION OF SAILED TECHNOLOGY (BEIJING) CO., LTD. FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 | CASE NO. 2:22-cv-01396-JHC<br><br>ORDER DENYING APPLICATION TO CONDUCT DISCOVERY PURSUANT TO 28 U.S.C. § 1782 |

## I.

### INTRODUCTION

This matter comes before the Court on Applicant Sailed Technology (Beijing) Co., Ltd.'s Renewed Application for U.S. Discovery Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782. Dkt. # 25. Respondents Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon") oppose the application. Dkt. # 29. The Court has considered the application, the parties' submissions about the application, and the pertinent portions of the record. Being fully advised, for the reasons below, the Court DENIES the application without prejudice.

ORDER DENYING APPLICATION TO CONDUCT
DISCOVERY PURSUANT TO 28 U.S.C. § 1782 - 1

## II.

## BACKGROUND

Applicant is a Chinese company specializing in the research and development of "communications and wireless transmission technologies." Dkt. # 25-2 at 1. Applicant holds "multiple patents in related technical fields." *Id.* In China, Applicant has brought 71 patent infringement actions against Amazon and its Chinese affiliates, manufacturers, and retailers, alleging that certain Amazon products infringed Applicant's patents. *Id.* at 2; Dkt. # 29-1 at 2. *See* Dkt. # 29-2 (listing Chinese patent infringement actions). Given the similarities among Applicant's pending lawsuits in China (the "Chinese proceedings"), the Supreme Court of China ordered Applicant's lawsuits to be consolidated. Dkt. # 29-1 at 4; Dkt. # 25-2 at 2. The actions are currently being consolidated before the Nanjing Intellectual Property Court. Dkt. # 25-2 at 2.

In its discovery application, Applicant seeks to serve each Respondent with a subpoena. Dkt. # 25-1 at 3–14. The subpoenas, which are identical, seek deposition testimony on 13 topics and contain 11 requests for production. *Id.* They target information, from 2018 to the present, about nine Amazon products at issue in the Chinese proceedings. *Id.* Among other materials, the requests for production seek:

> 1. Documents sufficient to identify all Chinese manufacturers of the Infringing Products during the period of January 1, 2018 to the present.
> 2. All contracts between [Amazon] and any Chinese manufacturer for production of any Infringing Product during the period of January 1, 2018 to the present.
> . . .
> 4. Documents sufficient to identify the Infringing Products produced by each Chinese manufacturer during the period of January 1, 2018 to the present, identifying each Product by Product name, Product code, [device serial number], and number or amount of Product produced per year per manufacturer.
> . . .
> 7. Documents sufficient to show [Amazon's] sales of Infringing Products, and the amount of tax and tariffs paid in China and the U.S. for the Infringing Products, by year, for the years 2018 to the present.
> 8. All customs documents related to exporting the Infringing Products from China, including customs declarations, from the period of January 1, 2018 to the present.

ORDER DENYING APPLICATION TO CONDUCT
DISCOVERY PURSUANT TO 28 U.S.C. § 1782 - 2

> . . .
> 10. Documents sufficient to explain why Chinese manufacturers' information (e.g. manufacturer names) for Infringing Products are not disclosed in [Amazon's] annual reports.

Dkt. # 25-1 at 1, 3–14.  Deposition topics include, among other subjects:

> 2. Chinese manufacturers of the Infringing Products.
> 3. [Amazon's] contracts with each Chinese manufacturer for production of the Infringing Products.
> . . .
> 6. Infringing Products produced by each Chinese manufacturer, including Product name, Product code, [device serial number], and number or amount of Product produced per year per manufacturer.
> . . .
> 9. [Amazon's] business records relating to sales of the Infringing Products.
> 10. Tax and tariffs paid in China and the U.S. for the Infringing Products.
> 11. Customs information for exporting the Infringing Products from China including customs declarations.  All names/codes for each Infringing Product used at Chinese customs including names used on customs declarations.
> 12. Reasons why Chinese manufacturers' information (e.g. manufacturer names) for Infringing Products are not disclosed in [Amazon's] annual reports.

*Id.*

### III.

### DISCUSSION

A.  Legal Standards

Under 28 U.S.C. § 1782, a district court may order a person who resides or is found in its district to "give [their] testimony or statement or to produce a document or other thing for use" in a foreign legal proceeding.  28 U.S.C. § 1782(a).  Section 1782's aims are "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 252 (2004) (quoting *Advanced Micro Devices, Inc. v. Intel Corp.*, 292 F.3d 664, 669 (9th Cir. 2002)).  Three statutory requirements apply: (1) the request is made "by a foreign or international tribunal" or "any interested person"; (2) the discovery is "for use in a proceeding in

a foreign or international tribunal"; and (3) the person from whom the discovery is sought "resides or is found" in the district of the district court where the application is made. 28 U.S.C. § 1782(a); *see also Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019).

But even if a Section 1782 discovery application meets the statutory requirements, a district court retains the discretion to deny it. *Intel*, 542 U.S. at 264 ("As earlier emphasized, . . . a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so."). In exercising its discretion to grant a Section 1782 application, a district court may consider four non-exclusive factors: (1) whether the application seeks discovery from a party that "is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions" or a foreign country's policies; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264–65; *Pott v. Icicle Seafoods, Inc.*, 945 F. Supp. 2d 1197, 1199 (W.D. Wash. 2013). The *Intel* court instructed that these four factors "bear consideration" in arriving at a decision.[1]

B.  Application of the Discretionary *Intel* Factors

The parties do not dispute that Applicant satisfies the requirements set forth in Section 1782(a). However, they dispute whether the four discretionary factors from *Intel* favor granting the application.

---

[1] In *Intel*, the Supreme Court did not identify legal standards relating to the burden of proof in weighing the discretionary factors. 542 U.S. at 264–66. *See In re Schlich*, 893 F.3d 40, 49 (1st Cir. 2018) ("The Supreme Court has not established the appropriate burden of proof, if any, for any of the discretionary factors, or the legal standard required to meet that burden."). Nor has the Ninth Circuit. The Court thus weighs the factors without placing a burden on either party. *See id.* at 50 (" [W]e believe the Supreme Court did not intend to place a burden on either party. Rather, it intended for both parties to make their arguments as to all of the factors, and for the district court to then determine whom those factors favor.").

ORDER DENYING APPLICATION TO CONDUCT
DISCOVERY PURSUANT TO 28 U.S.C. § 1782 - 4

1. Participant in the foreign proceedings

For the first factor, the Supreme Court in *Intel* cautioned that "when the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *Intel*, 542 U.S. at 264. Applicant concedes that Amazon is a party to the Chinese proceedings. Dkt. # 25 at 8. This factor weighs in Amazon's favor.[2] *See Intel*, 542 U.S. at 264 ("A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence.").

2. Nature and receptivity of the foreign tribunal and character of the foreign proceeding

The second *Intel* factor concerns "the nature of the foreign tribunal, the character of the proceedings abroad, and the receptivity of the foreign court to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. For this factor, the parties focus on receptivity. The receptivity of the foreign court should be evaluated based on one of Section 1782's goals: encouraging foreign courts to provide reciprocal judicial assistance. *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011). The Supreme Court in *Intel* did not instruct how to examine the receptivity of a foreign court. *Intel*, 542 U.S. at 264.

---

[2] The parties submit opposing declarations from their Chinese counsel as to whether Chinese discovery procedures allow Applicant to obtain the requested discovery in China. *See* Dkt. # 29-1 at 5; Dkt. # 25-2 at ¶15. Applicant's counsel states that in China, "there is no discovery process in civil litigation proceedings similar to that in the United States." Dkt. # 25-2 at ¶15. Amazon's counsel contends that Applicant's counsel is mistaken: "Although the [Chinese] procedure is not identical to the U.S. federal discovery procedures, it does allow a party to obtain documents and evidence and even order another party if it has sufficient justification." Dkt. # 29-1 at 5. The parties offer no other information about whether Applicant may obtain the information it seeks from the foreign tribunal. Applied here, *Intel* cautions against this Court attempting to analyze whether Chinese discovery procedures allow for Applicant to request this discovery. *See Intel*, 542 U.S. at 263 ("[Section 1782] does not direct United States courts to engage in comparative analysis to determine whether analogous proceedings exist here. Comparisons of that order can be fraught with danger."). In short, because Applicant participates in the Chinese proceedings, this factor favors denying the application.

Courts commonly require evidence that the foreign tribunal would reject evidence obtained through a Section 1782 application to conclude that the tribunal is unreceptive to assistance. *See In re Koninklijke Philips N.V.*, No. 17-MC-1681-WVG, 2018 WL 620414, at *2 (S.D. Cal. Jan. 30, 2018) ("When the parties do not provide evidence showing that a foreign court would reject evidence obtained under Section 1782, courts tend to allow discovery."); *In re: Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-MC-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) ("'In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782,' courts tend to 'err on the side of permitting discovery.'") (internal citation omitted).

The parties again rely on opposing representations from their Chinese counsel as to whether the Chinese court would accept or reject discovery assistance.[3] Applicant further asserts that the Chinese court would be receptive to discovery assistance because China is a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, suggesting that Chinese tribunals would cooperate with and facilitate international judicial assistance in obtaining discovery. Dkt. # 25 at 10. *See In re O'Keeffe*, 646 F. App'x 263, 267 (3d Cir. 2016) (holding that a district court's conclusion that "Hong Kong is a signatory to the Hague Evidence Convention, and thus the Hong Kong court is likely receptive to American judicial assistance" was not an abuse of discretion) (internal quotation omitted). Amazon does not provide evidence to the contrary.

---

[3] Amazon's Chinese counsel asserts that "Chinese courts are extremely sensitive about intervention or assistance from foreign courts, and are unlikely to be receptive to U.S. court involvement in the discovery process in a Chinese lawsuit." Dkt. # 29-1 at ¶10. In contrast, Applicant's counsel states that "Chinese courts are receptive to evidence obtained through Section 1782 proceedings in the United States." Dkt. # 25-2 at ¶ 16.

ORDER DENYING APPLICATION TO CONDUCT
DISCOVERY PURSUANT TO 28 U.S.C. § 1782 - 6

Other than Amazon's Chinese counsel's conclusory declaration, no evidence suggests that the Chinese court would reject evidence obtained through this application. Thus, this factor weighs in Applicant's favor. *See In re Nokia Techs. Oy*, No. 21MC1487 (MSB), 2022 WL 788702, at *2 (S.D. Cal. Mar. 15, 2022) (second *Intel* factor favored applicant because China is a signatory to the Hague Evidence Convention and no evidence that China would be unreceptive to discovery assistance).

      3.      Circumvention of foreign proof-gathering restrictions

As for the third *Intel* factor, district courts should "consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. The Supreme Court in *Intel* noted that the requested information need not be discoverable under the applicable foreign law for a district court to provide Section 1782 discovery assistance. *Id.* at 261–62. An applicant "seeks to circumvent foreign discovery restrictions when it seeks discovery that cannot be obtained because the foreign jurisdiction or tribunal prohibits the discovery of those documents." *HRC-Hainan Holding Co., LLC v. Yihan Hu*, No. 19-MC-80277-TSH, 2020 WL 906719, at *10 (N.D. Cal. Feb. 25, 2020).

No evidence suggests that Applicant seeks to circumvent Chinese proof-gathering restrictions. Amazon says that the Section 1782 application seeks to undermine the foreign tribunal by "side-stepping" Chinese discovery procedures. Dkt. # 29 at 14. Their argument is unavailing because Amazon identifies no Chinese rule that prohibits obtaining discovery for the kind of information Applicant requests. This factor weighs in Applicant's favor.

      4.      Intrusiveness and undue burden of the requests

*Intel*'s fourth factor provides that "unduly intrusive or burdensome requests may be rejected or trimmed" at the district court's discretion. *Intel*, 542 U.S. at 265. Requests are

unduly intrusive and burdensome if they are "not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information." *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016). In evaluating this factor, district courts apply the standards of Federal Rule of Civil Procedure 26. *In re PJSC Uralkali*, 2019 WL 291673, at *5. Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The party issuing the subpoena bears the burden of showing the relevance of the information sought and proportionality. *Arizona v. Arpaio*, 314 F.R.D. 664, 667 (D. Ariz. 2016).

As stated above, Applicant seeks to serve two subpoenas on Amazon, covering an array of topics. Dkt. # 25-1 at 3–14. Amazon contends that Applicant's discovery requests are unduly burdensome and overbroad, seeking information irrelevant to the Chinese proceedings. Dkt. # 29 at 10-12; Dkt. # 29-1 at 7. Applicant counters that its subpoenas seek "basic information about the accused products, their manufacturers, and sales." Dkt. # 31 at 6.

The Court disagrees with Applicant. Applicant requests that Amazon identify all Chinese manufacturers Amazon uses for nine products over a four-year period, and that Amazon provide manufacturing data and copies of all contracts executed between Amazon and each manufacturer. Dkt. # 25-1 at 7, 13. One deposition topic further concerns, without specification, Amazon's "business records relating to sales" of the nine products. *Id.* But Applicant fails to explain why it needs all this information for its claims in China; the discovery requests do not appear narrowly tailored or proportional to the needs of the Chinese proceedings. Nor has Applicant shown the relevance of Amazon's customs documentation for the export of those nine products, tax and tariff data for China and the United States, and the bases for understanding

which information Amazon includes in its annual reports. Dkt. # 25-1 at 3–14. Thus, this factor appears to weigh rather heavily in Amazon's favor.

On balance, while the second and third factors favor the application, the first and fourth *Intel* factors persuade the Court to deny it.

IV.

CONCLUSION

For the above reasons, the Court DENIES without prejudice Applicant's discovery application pursuant to 28 U.S.C. § 1782. Dkt. # 25. Applicant may file an amended application and proposed subpoenas that address the Court's concerns about the scope of the subpoenas. Applicant must file and serve on Amazon any amended application on or before December 30, 2022.

Dated this 29th day of November, 2022.

John H. Chun
United States District Judge