1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: APPLICATION OF SAILED TECHNOLOGY (BEIJING) CO., LTD. FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 | CASE NO. 2:22-cv-01396-JHC<br><br>ORDER RE: AMENDED APPLICATION TO CONDUCT DISCOVERY PURSUANT TO 28 U.S.C. § 1782 |

## I
### INTRODUCTION

This matter comes before the Court on Applicant Sailed Technology (Beijing) Co., Ltd.'s Amended Application for U.S. Discovery For Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782. Dkt. # 33. Respondents Amazon.com, Inc. and Amazon.com Services LLC (collectively, Amazon) oppose the amended application. Dkt. # 36. The Court has considered the application, the parties' submissions about the application, as well as the rest of the case file, and the applicable law. Being fully advised, for the reasons below, the Court GRANTS in part the application, subject to the modifications identified below.

ORDER RE: AMENDED APPLICATION TO
CONDUCT DISCOVERY PURSUANT TO 28 U.S.C. §
1782 - 1

## II

### BACKGROUND

This is Applicant's second 28 U.S.C. § 1782 discovery application in this matter seeking information for use in Chinese legal proceedings.[1]  *See* Dkt. # 25.

Applicant has brought 71 patent infringement actions against Amazon and its Chinese affiliates, manufacturers, and retailers (the Chinese proceedings), alleging that nine Amazon products (the Accused Products) infringed Applicant's patents.  Dkt. # 25-2 at 2; Dkt. # 29-1 at 2.  *See* Dkt. # 29-2 (listing Chinese patent infringement actions).  The Chinese proceedings are still being consolidated before the Nanjing Intellectual Property Court.  Dkt. # 38 at 2.

According to Applicant, in the Chinese proceedings, it seeks money damages[2] for alleged past infringement and injunctive relief "to prevent the [Accused] Products from being manufactured, sold, or exported."  Dkt. # 33-2 at 1.  According to Applicant's Chinese counsel, to obtain its requested relief in the Chinese proceedings, Applicant must show: (1) that the Accused Products infringe Applicant's patents; (2) "the identities of the entities manufacturing" the Accused Products; (3) "details about the products that will enable the Chinese court to issue injunctive orders that encompass all [Accused] Products"; and (4) "the amount of sales" of the Accused Products.[3]  *Id.* at 2–3.  Applicant says it knows that one of Amazon's major manufacturers of the Accused Products in China is Hengyang Futaihong Precision Industry Co., Ltd. (Precision Industry), also known as Foxconn.  *Id.* at 2.

---

[1] The Court's prior order provides more background information.  *See* Dkt. # 32.
[2] Amazon disputes that Applicant seeks money damages in the Chinese proceedings.  *See* Dkt. # 36 at 10; Dkt. # 38 at 3.
[3] Amazon does not dispute the first three out of four categories of information that Applicant must show to obtain the relief it requests in the Chinese proceedings.  *See* Dkt. # 36.

ORDER RE: AMENDED APPLICATION TO
CONDUCT DISCOVERY PURSUANT TO 28 U.S.C. §
1782 - 2

1    On November 29, 2022, the Court denied the first discovery application without

2    prejudice.  Dkt. # 32.  While the application met the statutory prerequisites, the Court found that

3    the first and fourth discretionary factors set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*

4    *Intel Corp.*, 542 U.S. 241 (2004), weighed in Amazon's favor.  *See id.* at 9.

5        In its second discovery application, Applicant seeks to serve each Respondent with

6    identical revised subpoenas.[4]  Dkt. # 33-1 at 3–14.  The subpoenas seek deposition testimony on

7    15 topics and contain 17 requests for production (RFPs).  *Id.*  They target information, from 2018

8    to the present, about the Accused Products at issue in the Chinese proceedings.  *Id.*  Much of the

9    discovery Applicant seeks concerns its efforts to confirm which Chinese entities manufacture the

10   Accused Products.  *See id.* (RFPs 2–4, 7, 8, 10, 13–16 and deposition topics 3–6, 9–11, 14).  The

11   subpoenas define "Precision Industry" as "Hengyang Futaihong Precision Industry Co., Ltd.,

12   a/k/a Hon Hai Precision Industry Co., Ltd., a/k/a Foxconn."  *Id.* at 4, 10.  They also define

13   "Precision Affiliate" as "any entity that (1) you understand to be a parent, subsidiary, related

14   party, or affiliate of Precision Industry, and (2) manufactures [Accused] Products in China."  *Id.*

15   The 17 RFPs seek:

16       1.    Documents sufficient to identify the three Chinese manufacturers who
             produced the largest volume of the [Accused] Products during the period
17           of January 1, 2018 to the present.
         2.    Documents sufficient to show the scope of manufacture, production,
18           export and sale of the [Accused] Products by each Precision Affiliate
             during the period of January 1, 2018 to the present, including [Amazon's]
19           contracts with each Precision Affiliate relating to the [Accused] Products.
         3.    Documents sufficient to show the scope of manufacture, production,
20           export and sale of the [Accused] Products by Precision Industry during the
             period of January 1, 2018 to the present, including [Amazon's] contracts
21           with Precision Industry relating to the [Accused] Products.

22

23   _____
       [4] The second pair of subpoenas resemble the first pair to a large degree.  *Compare* Dkt. # 25-1 at
     3–14, *with* Dkt. # 33-1 at 3–14.  *See also* Dkt. # 33-1 at 15–28 (blackline comparison to show changes
     made to the initial subpoenas).  But there are notable changes, as explained below.
24   ORDER RE: AMENDED APPLICATION TO
     CONDUCT DISCOVERY PURSUANT TO 28 U.S.C. §
     1782 - 3

4.      Documents sufficient to identify the [Accused] Products produced by Precision Industry during the period of January 1, 2018 to the present, identifying each Product by Product name, Product code, [device serial number (DSN)], and number or amount of Product produced per year.

5.      Documents sufficient to identify at least one contact person for each of the three manufacturers identified in response to [RFP] 1.

6.      Documents sufficient to show how the DSN is organized and how a device manufacturer is identified from the DSN.

7.      Documents sufficient to show [Amazon's] global sales in China of [Accused] Products produced by Precision Industry, during the period of January 1, 2018 to the present.

8.      Documents, such as customs declarations and other customs documents, sufficient to show the quantity of each [Accused] Product exported from China during the period of January 1, 2018 to the present.

9.      Documents sufficient to identify all names/codes for each [Accused] Product used at Chinese customs including names used on customs declarations.

10.     Documents sufficient to identify the [Accused] Products produced by each Precision Affiliate during the period of January 1, 2018 to the present, identifying each Product by Product name, Product code, DSN, and number or amount of Product produced per year per Precision Affiliate.

11.     Documents sufficient to identify at least one contact person for Precision Industry.

12.     Documents sufficient to identify at least one contact person for each Precision Affiliate.

13.     Documents sufficient to show [Amazon's] global sales of [Accused] Products produced by each of the three manufacturers identified in response to [RFP] 1, during the period of January 1, 2018 to the present.

14.     Documents sufficient to show [Amazon's] global sales of [Accused] Products produced by each Precision Affiliate during the period of January 1, 2018 to the present.

15.     Documents sufficient to show the scope of manufacture, production, export and sale of the [Accused] Products by each of the three manufacturers identified in response to [RFP] 1 during the period of January 1, 2018 to the present, including [Amazon's] contracts with each of the three manufacturers relating to the Accused Products.

16.     Documents sufficient to identify the [Accused] Products produced by each of the three manufacturers identified in response to [RFP] 1 during the period of January 1, 2018 to the present, identifying each Product by Product name, Product code, DSN, and number or amount of Product produced per year.

17.     Certification in accord with Fed. R. Evid. 902(11) as to the authenticity of each document produced in response to this subpoena.

*Id.* at 7–8, 13–14. The deposition topics cover these 15 subjects:

1.     Testimony sufficient to authenticate and explain the contents of the Documents produced in response to this Subpoena.
2.     The three manufacturers identified in the documents produced in response to [RFP] 1.
3.     [Amazon's] contracts with each Precision Affiliate for production of the [Accused] Products.
4.     Precision Industry's manufacture of the [Accused] Products.
5.     [Amazon's] contracts with Precision Industry for production of the [Accused] Products.
6.     [Accused] Products produced by Precision Industry, including Product name, Product code, DSN, and number or amount of Product produced per year per manufacturer.
7.     How the DSN is organized and how a device manufacturer is identified from the DSN.
8.     Contact persons for each Precision Affiliate.
9.     Manufacture of the [Accused] Products by each Precision Affiliate.
10.     [Accused] Products produced by each Precision Affiliate, including Product name, Product code, DSN, and number or amount of Product produced per year per manufacturer.
11.     [Accused] Products produced by the three manufacturers identified in the documents produced in response to [RFP] 1, including Product name, Product code, DSN, and number or amount of Product produced per year per manufacturer.
12.     The contact person for Precision Industry.
13.     Contact persons for the three manufacturers identified in the documents produced in response to [RFP] 1.
14.     [Amazon's] contracts with each of the three manufacturers identified in the documents produced in response to [RFP] 1 for production of the [Accused] Products.
15.     Your preparation for Your deposition in this action.

*Id.* at 6–7, 12–13.

**III**

**DISCUSSION**

A.     Legal Standards

       Under 28 U.S.C. § 1782, a district court may order a person who resides or is found in its district to "give [their] testimony or statement or to produce a document or other thing for use" in a foreign legal proceeding. 28 U.S.C. § 1782(a). Three statutory requirements apply: (1) the request is made "by a foreign or international tribunal" or "any interested person"; (2) the

ORDER RE: AMENDED APPLICATION TO
CONDUCT DISCOVERY PURSUANT TO 28 U.S.C. §
1782 - 5

1    discovery is "for use in a proceeding in a foreign or international tribunal"; and (3) the person

2    from whom the discovery is sought "resides or is found" in the district of the district court where

3    the application is made.  *Id.*

4         Even if a discovery application meets the statutory requirements, a district court retains

5    the discretion to deny it.  *Intel*, 542 U.S. at 264 ("[A] district court is not required to grant a

6    § 1782(a) discovery application simply because it has the authority to do so.").  *See Akebia*

7    *Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1112 (9th Cir. 2015) (noting that district

8    courts have broad discretion when ruling on a § 1782 application, and courts are "not required to

9    address explicitly every factor or argument" advanced by counsel).  In its exercise of discretion,

10   a district court may consider four non-exclusive factors: (1) whether the application seeks

11   discovery from a party that "is a participant in the foreign proceeding"; (2) "the nature of the

12   foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the

13   foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3)

14   whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions" or a

15   foreign country's policies; and (4) whether the request is "unduly intrusive or burdensome."  *Id.*

16   at 264–65.  The *Intel* court instructed that these four factors "bear consideration" in arriving at a

17   decision.[5]

18   _____

19        [5] In *Intel*, the Supreme Court did not identify legal standards relating to the burden of proof in
     weighing the discretionary factors.  542 U.S. at 264–66.  *See In re Schlich*, 893 F.3d 40, 49 (1st Cir.

20   2018) ("The Supreme Court has not established the appropriate burden of proof, if any, for any of the
     discretionary factors, or the legal standard required to meet that burden.").  Nor has the Ninth Circuit.
     Amazon now argues that Applicant bears the burden of establishing that a subpoena should issue under

21   § 1782, citing an order from the Northern District of California.  *See In re Microsoft Corp.*, No. C06-
     80038, 2006 WL 825250, at *2 n.3 (N.D. Cal. Mar. 29, 2006).  There, the court stated in a footnote that it

22   would "deem that the burden of showing such assistance is warranted remains on" the party requesting
     discovery assistance.  *Id.*  The *Microsoft* court cited no authority and provided no further analysis on the

23   burden of proof.  The Court will not place the burden on Applicant based on this single order.  As in its

24   ORDER RE: AMENDED APPLICATION TO
     CONDUCT DISCOVERY PURSUANT TO 28 U.S.C. §
     1782 - 6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

B.      Statutory Requirements

The parties do not dispute that Applicant satisfies two of § 1782's requirements.  First,

Applicant is an interested person under § 1782.  *See Intel*, 542 U.S. at 256 (explaining that a

litigant is an "interested person").  Second, Amazon resides in this district.  Dkt. # 6.

For the third requirement, Amazon seems to dispute whether the information sought in

RFPs 4, 8, and 10 is "for use in a proceeding in a foreign or international tribunal."  28 U.S.C. §

1782(a).  *See* Dkt. 36 at 9–10.[6]  Amazon says that these RFPs improperly target information for

Applicant to petition Chinese customs authorities to impound the Accused Products.  *Id.* at 6.

And Amazon notes that § 1782 does not permit district courts to order discovery to assist foreign

customs authorities.  *Id.  See ZF Auto. US, Inc. v. Luxshare, Ltd.*, 142 S. Ct. 2078, 2091 (2022)

("[O]nly a governmental or intergovernmental adjudicative body constitutes a 'foreign or

international tribunal' under § 1782.") (quoting 28 U.S.C. § 1782).  But Applicant does not seek

this information exclusively for impoundment purposes.  These RFPs also relate to Applicant's

patent infringement claims pending in the Chinese proceedings.  RFPs 4 and 10 request

information about the identifiers Chinese manufacturers place on the Accused Products.  Dkt. #

33-1 at 7–8, 13–14.  With this information, Applicant says that it may inform the Chinese court

as to which Accused Products are manufactured by whom to award damages and enjoin future

manufacture, should Applicant prevail in the Chinese proceedings.  Dkt. # 33-2 at 4.  RFP 8,

---

prior order, the Court weighs the *Intel* factors without placing a burden on either party.  *See Schlich*, 893
F.3d at 50 ("[W]e believe the Supreme Court did not intend to place a burden on either party.  Rather, it
intended for both parties to make their arguments as to all of the factors, and for the district court to then
determine whom those factors favor.").

[6] This section of Amazon's brief focuses on Applicant's discovery requests that target irrelevant
information in Amazon's view.  Dkt. # 36 at 9–10.  But near the end of this section, Amazon seems to say
that certain discovery requests do not meet § 1782's requirements.  *See id.* at 10 ("[T]he proposed
subpoenas still should not issue because § 1782 does not direct courts to assist foreign customs
officials.").  The Court evaluates Amazon's argument in the context of the statute's requirements.

1   which seeks documents "sufficient to show the quantity of each [Accused] Product exported

2   from China" between 2018 and the present, Dkt. # 33-1 at 7–8, 13–14, similarly will permit the

3   Chinese court, according to Applicant, to calculate damages, Dkt. # 33-2 at 3.  Applicant has

4   persuaded the Court that these three RFPs are for use in the Chinese proceedings.  As for the

5   other information requested in the renewed application, the Court finds that the discovery

6   Applicant seeks is for use in the Chinese proceedings.  Amazon does not argue otherwise.

7   Therefore, the requirements of § 1782 are met in this case.

8   C.      Discretionary *Intel* Factors

9           The parties disagree as to the application of the first, third, and fourth *Intel* factors.  Dkt.

10  # 36 at 7–12; Dkt. # 33 at 9.

11          1.      Participant in the foreign proceedings

12          In its prior order, the Court ruled that this factor favored Amazon because Applicant

13  conceded that Amazon is a party to the Chinese proceedings.  Dkt. # 32 at 5.  *See* Dkt. # 25 at 8.

14  Applicant again admits that this factor "potentially weigh[s] against" granting the application.

15  Dkt. # 33 at 9.  Applicant now asserts that this factor "should not be accorded significant weight"

16  because "it is not clear that the 'consolidation' process in Chinese courts will result in Amazon

17  being treated as a party in all of the lawsuits."  *Id.*  Applicant points to no evidence in the record

18  that consolidation of the Chinese proceedings may cause Amazon to be a nonparty in some

19  respect.  With no other evidence, and given Applicant's prior concession, this factor again

20  weighs in Amazon's favor.  *See Intel*, 542 U.S. at 264 ("A foreign tribunal has jurisdiction over

21  those appearing before it, and can itself order them to produce evidence.").

22

23

24  ORDER RE: AMENDED APPLICATION TO
    CONDUCT DISCOVERY PURSUANT TO 28 U.S.C. §
    1782 - 8

1

2.      Nature and receptivity of the foreign tribunal and character of the foreign
        proceeding

2

The second *Intel* factor concerns "the nature of the foreign tribunal, the character of the

3

proceedings abroad, and the receptivity of the foreign court to U.S. federal-court judicial

4

assistance." *Intel*, 542 U.S. at 264.  In its prior order, the Court found that this factor favored

5

Applicant because aside from Amazon's Chinese counsel's conclusory declaration, "no evidence

6

suggest[ed] that the Chinese court would reject evidence obtained through this application."

7

Dkt. # 32 at 7.  Neither party mentions this factor in their briefing.  *See* Dkt. ## 33, 36, 39.

8

Seeing no reason to deviate from its initial determination, the Court again finds that this factor

9

weighs in Applicant's favor.  *See In re Nokia Techs. Oy*, No. 21MC1487 (MSB), 2022 WL

10

788702, at *2 (S.D. Cal. Mar. 15, 2022) (second *Intel* factor favored applicant because no

11

evidence suggested that China would be unreceptive to discovery assistance).

12

3.      Circumvention of foreign proof-gathering restrictions

13

For the third *Intel* factor, district courts should "consider whether the § 1782(a) request

14

conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a

15

foreign country or the United States." *Intel*, 542 U.S. at 265.  An applicant "seeks to circumvent

16

foreign discovery restrictions when it seeks discovery that cannot be obtained because the

17

foreign jurisdiction or tribunal prohibits the discovery of those documents." *HRC-Hainan*

18

*Holding Co., LLC v. Yihan Hu*, No. 19-MC-80277-TSH, 2020 WL 906719, at *10 (N.D. Cal.

19

Feb. 25, 2020).  "[A] perception that an applicant has 'side-stepped' less-than-favorable

20

discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis." *In re*

21

*Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2013 WL 183944, at *3 (N.D. Cal.

22

Jan. 17, 2013).  In its prior order, the Court found that this factor favored Applicant because no

23

24

ORDER RE: AMENDED APPLICATION TO
CONDUCT DISCOVERY PURSUANT TO 28 U.S.C. §
1782 - 9

evidence suggested that Applicant sought to circumvent Chinese proof-gathering restrictions. Dkt. # 32 at 7.

Again, the Court has no reason to believe that the § 1782 application seeks to circumvent the policies or proof-gathering restrictions of the Chinese courts, and thus finds that this factor favors Applicant. As before, Amazon identifies no Chinese rule that prohibits obtaining discovery for the information that Applicant seeks. Amazon now says this factor disfavors Applicant because of an interaction between "the Nanjing court" and counsel for Precision Industry during a hearing on December 1, 2022. Dkt. # 36 at 11; Dkt. # 38 at 3. According to Amazon's Chinese counsel, during this hearing, counsel for Precision Industry requested to provide "confidential briefing" to identify the Amazon products Precision Industry manufactures. Dkt. # 38 at 3. The Nanjing court granted this request. *Id.* Per Amazon, the court in Nanjing is considering whether to share the information disclosed in Precision Industry's briefing with Applicant. *Id.* Granting the discovery application, Amazon says, risks Applicant "side-stepping" the Nanjing court. Dkt. # 36 at 11 (citing *In re CRT Antitrust Litig.*, 2013 WL 183944, at *3). Amazon submitted a translated version of the transcript from this hearing. *See* Dkt. # 38-2. The transcript does not indicate that the Nanjing court permitted Precision Industry to submit confidential briefing, nor does it mention the court's consideration of whether to share the information Precision Industry apparently filed with Applicant. *See id.*

Assuming Amazon's narrative is true, it still does not establish any Chinese proof-gathering restriction about the information at issue in the renewed discovery application, nor does it show that Applicant sought to "side-step" unfavorable discovery rules in filing the discovery application. *See Nokia*, 2022 WL 788702, at *3 (no circumvention found because the applicant "ma[de] the instant requests not to circumvent any restrictions or policies of the foreign

ORDER RE: AMENDED APPLICATION TO
CONDUCT DISCOVERY PURSUANT TO 28 U.S.C. §
1782 - 10

jurisdiction, but to obtain discovery that would be difficult to obtain otherwise"); *see also In re CRT Antitrust Litig.*, 2013 WL 183944, at *3.  The timeline of these events does not show any attempt to circumvent Chinese restrictions or policies.  The initial discovery application was filed in September 2022.  *See* Dkt. 25.  As the discovery application predates this December 2022 hearing in China, Applicant's request for discovery assistance does not show any effort to somehow circumvent a later decision from a Chinese court.

        4.       Intrusiveness and undue burden of the requests

     *Intel*'s fourth factor provides that "unduly intrusive or burdensome requests may be rejected or trimmed" at the district court's discretion.  *Intel*, 542 U.S. at 265.  Requests are unduly intrusive and burdensome if they are "not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information."  *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016).  In evaluating this factor, district courts apply the standards of Federal Rule of Civil Procedure 26.  *In re PJSC Uralkali*, 2019 WL 291673, at *5.  Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Proportionality depends on "whether the burden or expense of the proposed discovery outweighs its likely benefit."  *Id.*  A party seeking to avoid discovery may establish undue burden by providing specific facts that show the nature and extent of the burden.  *See In re Application of Savan Magic Ltd.*, No. 217CV01689JCMNJK, 2017 WL 6454240, at *4 (D. Nev. Dec. 18, 2017).  Conclusory or speculative statements of inconvenience, harm, or expense are insufficient.  *Id.*

     First, as to any confidential information targeted in the discovery application, Applicant "is amenable to the entry of a protective order that will protect any confidential or trade secret

ORDER RE: AMENDED APPLICATION TO
CONDUCT DISCOVERY PURSUANT TO 28 U.S.C. §
1782 - 11

information." Dkt. # 33 at 8.  *See In re Nokia*, 2022 WL 788702, at *3 (fourth *Intel* factor favored applicant because they were "prepared to enter into a protective order to protect Qualcomm's material"); *In re Accent Delight Int'l Ltd.*, 791 F. App'x 247, 252 (2d Cir. 2019) (ruling that the "district court did not abuse its discretion by concluding that Petitioners' requests would not be unduly burdensome and that, if issues arose, they could be resolved through a protective order").  Though Amazon does not mention the possibility of a protective order in its opposition, Applicant's willingness as to the entry of such an order favors granting the application as to this factor.

Amazon continues to argue that Applicant's discovery requests are unduly burdensome and overbroad, and that they seek irrelevant information.  Dkt. # 36 at 7–10.  The Court mostly disagrees.  The second discovery application revises or eliminates each discovery request that the Court identified in its prior order as being unduly burdensome or overbroad.  *See* Dkt. # 32 at 8– 9.  *Compare* Dkt. # 25-1 at 3–14 (initial subpoenas)*, with* Dkt. # 33-1 at 3–14 (revised subpoenas); *see also* Dkt. # 33-1 at 15–28 (blackline comparison to show changes made to the initial subpoenas).  For example, discovery requests about Amazon's decision-making process, its business records, and the payment of taxes and tariffs have been eliminated.  Dkt. # 33-1 at 3– 14.  Rather than seeking "[a]ll custom documents," including customs declarations, related to the export of the Accused Products, Applicant now seeks only "[d]ocuments sufficient to show" the quantity of the Accused Products exported from China between 2018 and the present.  *Id.* at 20, 27.  Similarly, rather than seeking "[a]ll contracts" between Amazon and its Chinese manufacturers during that timeframe, Applicant now requests "[d]ocuments sufficient to show" the scope of manufacture, export, and sale of the Accused Products.  *Id.* at 19–20, 26–27.  *See In re Team Co., Ltd.*, No. 22-MC-80183-VKD, 2022 WL 4099219, at *5 (N.D. Cal. Sept. 7, 2022)

ORDER RE: AMENDED APPLICATION TO
CONDUCT DISCOVERY PURSUANT TO 28 U.S.C. §
1782 - 12

(granting Team Co.'s § 1782 discovery application but modifying "document requests in its subpoena to request only 'documents sufficient to show' in place of 'all documents showing'"). Amazon objects to three categories of discovery requests, as discussed below.

> a.   Manufacturers of Accused Products

Applicant says it must establish, among other things, the identities of the entities manufacturing the Accused Products and obtain information on the manufacture, production, export, and sale of these products to enable the Chinese court to award damages and enjoin future manufacture, sale, and export.  Dkt. # 33-2 at 2–3.

To establish the identities of the manufacturers, the first discovery application sought the identities of "all Chinese manufacturers" that Amazon uses for the Accused Products.  Dkt. # 32 at 2.  In RFP 1, Applicant now seeks only the identities of the three Chinese manufacturers who produced the largest volume of Accused Products between 2018 and the present.  Dkt. # 33-1 at 7, 130.  Amazon nearly admits that this request is reasonable.  *See* Dkt. # 36 at 13 ("[T]he only discovery Sailed has come close to justifying is the identification of the three largest Chinese manufacturers of the accused products.").  But Amazon also submits that RFP 1 is more burdensome than its prior version because now Amazon must rank manufacturers by volume, which is "not necessarily an easy task."  *Id.* at 8.  Amazon offers no more evidence surrounding its burden for RFP 1.  Amazon's representation as to the inconvenience in responding to RFP 1 does not persuade the Court that this discovery request is unduly burdensome.

Applicant says it knows that Precision Industry is a major manufacturer of the Accused Products in China.  Dkt. # 33-2 at 2.  Accordingly, RFPs 3 and 4 seek "[d]ocuments sufficient to identify the [Accused] Products produced by Precision Industry" and to "show the scope of manufacture, production, export, and sale" of the Accused Products by Precision Industry

ORDER RE: AMENDED APPLICATION TO
CONDUCT DISCOVERY PURSUANT TO 28 U.S.C. §
1782 - 13

between 2018 and the present.  Dkt. # 33-1 at 7, 13.  While Amazon says such requests are "extremely broad," Dkt. # 36 at 6–7, the Court finds that the document requests are properly narrowed based on the "documents sufficient to" language.  The RFPs are not as broad as before, when Applicant sought each contract between Amazon and every Chinese manufacturer.  *See* Dkt. # 32 at 2.

Similarly, Amazon opposes a new defined term added to the subpoenas: Precision Affiliate.  Precision Affiliate, as defined, includes any "parent, subsidiary, related party, or affiliate of Precision Industry" involved in manufacturing the Accused Products.  Dkt. # 33-1 at 16.  RFPs 2 and 10 seek, for each Precision Affiliate between 2018 and the present, "[d]ocuments sufficient" to: (1) identify the Accused Products manufactured; and (2) show the scope of manufacturing, production, export, and sale of the Accused Products.  Dkt. # 33-1 at 7– 8, 13–14.  Applicant needs this information because to date, it has been unable to determine the relationship between Precision Industry and the Precision Affiliates.  Dkt. # 33-2 at 2.  If Precision Industry is not responsible for the manufacture, production, export, and sale of the Accused Products performed by the Precision Affiliates, then Applicant would need from the Precision Affiliates all the same information requested from Precision Industry to enjoin future manufacturing performed by the Precision Affiliates.  *Id.* at 2–3.  Amazon says that because Precision Industry is "a conglomerate comprising hundreds of corporate entities," Dkt. # 36 at 4, "it may be difficult . . . for Amazon to identify which of these Precision Industry affiliates contributed to any aspect of the manufacture of the accused products," *id.* at 6.   Amazon offers no more evidence to establish the nature and extent of any burden.

Amazon submitted no evidence on the number of Precision Affiliates that manufacture the Accused Products.  Because Amazon has not set forth specific facts showing the nature and

ORDER RE: AMENDED APPLICATION TO
CONDUCT DISCOVERY PURSUANT TO 28 U.S.C. §
1782 - 14

1    extent of its claimed burden, the Court cannot conclude that the RFPs concerning the Precision

2    Affiliates are unduly burdensome.  *See In re Savan Magic*, 2017 WL 6454240, at *4.  And as

3    Applicant identifies, if Amazon is uncertain about its Chinese manufacturers, Amazon need only

4    provide the information that is known.  Dkt. # 39 at 3.

5            In sum, Amazon has not shown that these RFPs are unduly burdensome, and Applicant

6    has explained why it needs this information.  Identifying the entities that manufacture the

7    Accused Products is plainly relevant to Applicant's patent infringement claim and proportional

8    to the needs of the Chinese proceedings.  The same is true for information on the manufacture,

9    production, export, and sale of the Accused Products because it will permit the Chinese court to

10   enjoin future manufacture, sale, and export of these products.

11                   b.      Global sales of Accused Products

12           RFPs 7, 13, and 14 seek documents sufficient to show Amazon's global sales of the

13   Accused Products manufactured by Precision Industry, each Precision Affiliate, and each of the

14   three manufacturers identified in response to RFP 1.  Dkt. # 33-1 at 7–8, 13–14.  Amazon

15   contends that its global sales of the Accused Products are irrelevant to the Chinese proceedings

16   because Applicant seeks only injunctive relief.  Dkt. # 36 at 10.  According to Amazon's Chinese

17   counsel, Applicant "has not requested monetary damages or compensation in any of [its]

18   lawsuits" in China.  Dkt. # 38 at 3.  On the other hand, Applicant's Chinese counsel states that

19   because Applicant "seeks to establish entitlement to damages for past infringement" in the

20   Chinese proceedings, Applicant must show "the amount of sales of the [Accused] Products."

21   Dkt. # 33-2 at 1–2.  The parties have not provided other evidence surrounding Applicant's

22   requests for relief in the Chinese proceedings.

23

24   ORDER RE: AMENDED APPLICATION TO
     CONDUCT DISCOVERY PURSUANT TO 28 U.S.C. §
     1782 - 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

As with the initial discovery application, the Court must again weigh these contrary declarations from the parties' Chinese counsel.  Presumably, Applicant is familiar with the forms of relief it seeks in the Chinese proceedings.  On this issue, the Court credits Applicant's Chinese counsel.  If Applicant indeed seeks money damages, it seems likely that the amount of sales for the Accused Products would be relevant to Applicant's patent infringement claims.  And if Applicant believes it has suffered compensable monetary loss, it makes sense that it would seek recovery for such loss; Amazon does not argue otherwise.  Amazon does not say that these RFPs are otherwise unduly burdensome.  The Court therefore finds that RFPs 7, 13, and 14 are narrowly tailored and proportional to the needs of the Chinese proceedings.

c.      Deposition topics

Amazon says that Applicant's request to serve a subpoena for deposition testimony is improperly duplicative because the RFPs and deposition topics target the same information.  Dkt. # 36 at 12.  The Court disagrees.  Amazon cites no authority in support of its argument, and it fails to explain why discovery through multiple mechanisms is unduly intrusive or burdensome.  As Applicant identifies, it is routine for parties in the United States to take discovery using multiple complementary discovery devices simultaneously.  *See Tennison v. City & Cnty. of San Francisco*, 226 F.R.D. 615, 622 (N.D. Cal. 2005).  Further, § 1782 authorizes district courts to order both the giving of testimony and the production of documents.  *See* 28 U.S.C. § 1782(a).

Next, Amazon argues that the scope of the deposition topics creates an undue burden such that "no single Amazon witness, or reasonable group of witnesses, could provide the testimony without an excessive preparation."  Dkt. # 36 at 12.  The Court mostly disagrees.  Because the information Amazon seeks via deposition mirrors the information at issue in the RFPs, there is less potential for undue burden in preparing Amazon's witnesses.  And because

ORDER RE: AMENDED APPLICATION TO
CONDUCT DISCOVERY PURSUANT TO 28 U.S.C. §
1782 - 16

Applicant now seeks "documents sufficient to show" instead of all documents for certain RFPs, Amazon may select a narrower set of responsive documents to minimize any burden in preparing for depositions.  Amazon's conclusory statement of inconvenience does not persuade the Court to eliminate all deposition topics from the proposed subpoenas, as Amazon requests.

But two of the deposition topics lack specificity such that they would be unduly burdensome.  Topic 4 seeks testimony on "Precision Industry's manufacture of the [Accused] Products."  Dkt. # 33-1 at 7, 13.  Topic 9 similarly covers the "[m]anufacture of the [Accused] Products by each Precision Affiliate."  *Id.*  These topics could be construed to cover all aspects of the manufacturing of the Accused Products in China by Precision Industry and its affiliated entities between 2018 and the present, without limitation on what the witnesses must cover. Amazon would encounter difficulties preparing a witness to answer Topics 4 and 9 given their open-ended scope.  In addition, Topic 1 seeks testimony sufficient to "explain the contents" of all documents produced in response to the RFPs.  *Id.* at 6, 12.  The Court believes it would be unreasonable for a witness (or group of witnesses) to have to testify about the *contents* of each document, given the broad scope of the RFPs.  *See, e.g.*, *id.* at 7–8, 13–14 (RFPs 2, 3, and 15 seek documents sufficient to "show the scope of manufacture, production, export and sale" of the Accused Products by Precision Industry, all Precision Affiliates, and the three manufacturers identified in response to RFP 1 between 2018 and the present).  In its brief, Applicant invites the Court to strike any burdensome discovery requests.  *See* Dkt. # 33 at 9.  Accordingly, the Court strikes from each subpoena (1) Deposition Topics 4 and 9, and (2) the words "and explain the contents of" from Deposition Topic 1.  *See Intel*, 542 U.S. at 265 (courts may trim "unduly intrusive or burdensome requests").

ORDER RE: AMENDED APPLICATION TO
CONDUCT DISCOVERY PURSUANT TO 28 U.S.C. §
1782 - 17

In sum, the changes made to the discovery application sufficiently address the Court's prior concerns, and Applicant has adequately explained the need for its requests. This factor now favors Applicant. Upon the Court's review of the four discretionary *Intel* factors, only the first favors Amazon. As the balance of *Intel* factors now favors Applicant, and given the Court's broad discretion under § 1782, the Court grants the discovery application. *See Akebia Therapeutics*, 793 F.3d at 1112.

## IV

### CONCLUSION

For the above reasons, the Court GRANTS in part the 28 U.S.C. § 1782 discovery application, subject to the above modifications. Dkt. # 33. Because the application meets the statutory criteria and satisfies the discretionary factors set forth in *Intel*, the Court authorizes service of the proposed modified subpoenas on Respondents Amazon.com Services LLC and Amazon, Inc. Any information Applicant obtains pursuant to the subpoenas may be used only for purposes of the Chinese proceedings. Applicant shall not release such information or use it for any other purpose, absent an order from this Court authorizing such release or use.

Dated this 18th day of May, 2023.

John H. Chun
United States District Judge

ORDER RE: AMENDED APPLICATION TO
CONDUCT DISCOVERY PURSUANT TO 28 U.S.C. §
1782 - 18